***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THELMA BUNTING, individually and as Personal Representative of the Estate of LLOYD BUNTING<br><br>Plaintiff,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB CO, et al.,<br><br>Defendants. | Civil Action No. 06-6052(FLW)<br><br>OPINION |

**WOLFSON, District Judge**:

Presently before the Court is a motion to dismiss Plaintiff Thelma Bunting's ("Mrs. Bunting" or "Plaintiff") survival action based upon the applicable statute of limitations, filed by Defendants Bristol Myers-Squibb Company, Sanofi-Aventis U.S., L.L.C., Sanofi-Aventis U.S., Inc., and Sanofi-Synthelabo, Inc., (collectively, "Defendants"). For the following reasons, the Court grants Defendants' motion.

## BACKGROUND

This case arises from a diversity action filed by Mr. and Mrs. Bunting (the "Buntings"), who are Colorado residents, against Defendants on December 18, 2006, alleging various causes of action related to Mr. Bunting's ingestion of Plavix. The Buntings filed an Amended Complaint on May 1, 2009. Essentially, the Amended Complaint alleges negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promotion, marketing, distributing, labeling and/or the sale of Plavix. Am. Compl. ¶¶ 6-8. In

1

that connection, the Amended Complaint asserts the following Colorado state law claims: (1) products liability – design (Count I); (2) products liability – manufacturer (Count II); (3) products liability – failure to warn (Count III); (4) negligence (Count IV); (5) negligent misrepresentation (Count V); (6) violations of Colorado's Consumer Protection Act (Count VI); (7) loss of consortium (Count VII). See Id. Subsequently, the Court dismissed Counts V and VI of the Amended Complaint.

Mr. Bunting died on May 6, 2009. Shortly thereafter, Defendants filed a Suggestion of Death on June 9, 2010. Because Mrs. Bunting had not been named personal representative for her husband's estate within 90 days of the Suggestion of Death being entered, she did not move to substitute party within the time limits set forth by Fed. R. Civ. P. 25. Based upon that deficiency, Defendants filed a motion to dismiss Plaintiff's Amended Complaint. After a hearing, on December 13, 2010, this Court dismissed the Amended Complaint and provided Plaintiff ten days to re-file the complaint with the proper party. On December 21, 2010, Plaintiff re-filed the complaint, naming her as the proper party to the lawsuit ("Survival Action"). Thereafter, Defendants filed the instant motion maintaining that because the Court dismissed the Amended Complaint, the statute of limitations had run on Plaintiff's Survival Action.

## DISCUSSION

### A. Standard of Review

The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The purpose of a complaint is "to inform the opposing party and the court of the nature of the claims and defenses being

asserted by the pleader and, in the case of an affirmative pleading, the relief being demanded." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1182 (3d ed. 2004).

In reviewing a motion to dismiss for failure to state a claim under 12(b)(6), a Court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff "and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted.) In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court "retired" the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46). Rather, the factual allegations in a complaint "must be enough to raise a right to relief about the speculative level." Id. at 555. The Third Circuit summarized the pleading requirement post-Twombly:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element.'

Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that the Twombly standard applies to all motions to dismiss, the Supreme Court recently further clarified the 12(b)(6) standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950. Accordingly, "a court considering a motion to dismiss can choose to begin by identifying pleadings that,

3

because they are no more than conclusions, are not entitled to the assumption of truth." Id. In short, "a complaint must do more than alleged the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (quoting Iqbal, 129 S.Ct. at 1953).

### B.   Statute of Limitations

As a threshold matter, the Court must determine whether Mr. Bunting's causes of action will survive a statute of limitations defense because Plaintiff's Survival Action depends on the legal viability of Mr. Bunting's original claims. Colo. Rev. Stat. Ann. § 13-80-112.[1] In this diversity action, Plaintiff brings Colorado state law claims against Defendants for alleged harmful side-effects of Plavix, and as such, Colorado law governs all substantive issues raised in this litigation, including statute of limitations. See Walker v. Armco Steel Corp., 446 U.S. 740, 750-53 (1980). Colorado imposes a two-year limit on filing suit against a manufacturer

---

[1]   § 13-80-112 states in relevant part:

> If any person entitled to bring any action dies before the expiration of the time limited therefor and if the cause of action does by law survive, the action may be commenced by the personal representative of the deceased person at any time within one year after the date of death and not afterwards if barred by provision of this article.

regardless of the legal theories upon which the action is brought. Colo. Rev. Stat. Ann. § 13-80-106.  Under Colorado statute, a cause of action accrues at two points: (1) on the date an injury occurs; and (2) on the date when the injury or cause of injury is discovered or would be discovered by a reasonably prudent investigation (the "discovery rule"). Colo. Rev. Stat. Ann. § 13-80-108 (1).

Here, Defendants first argue that Plaintiff's Survival Action, filed on December 21, 2010, is time-barred because more than two years have passed between the filing of the original Complaint in December 2006 and Mr. Bunting's death in May 2009.  However, for the purposes of determining whether the Survival Action is filed timely, the initial inquiry here is whether the Buntings' original Complaint was filed within the applicable statute of limitations.

Defendants argue that the December 2006 Complaint should be barred by the statute of limitations because the Buntings should have been on inquiry notice of the connection between Plavix ingestion and stomach bleeding around May 2004, when Mr. Bunting suffered an alleged internal hemorrhage. Defendants reason that Plavix's warning label at that time indicated that increased bleeding is a well-known side effect of taking Plavix. Disputing the date of notice, Mrs. Bunting, in her opposition brief, asserts that she and Mr. Bunting were not on notice of the alleged harmful side effects of Plavix until April 26, 2005, when Defendant publicly announced that Plavix, when combined with aspirin, increases major bleeding.  However, on a motion to dismiss, the Court looks to the allegations in the complaint to determine whether there are sufficient facts to toll the statute of limitations.  Southern Cross Overseas Agencies, Inc. v. Transport Int'l Pool Inc., 181 F.3d 410, 425 (3d Cir. 1999); Pappert v. Borough of Bridgeville of Allegheny County, No. 10-1672, 2011 U.S. Dist. LEXIS 5858 (M.D. Pa. Jan. 20, 2011). Because the Buntings failed to plead the April 2005 discovery date in the original Complaint or

the Amended Complaint, the Court cannot accept it as the date of discovery on this motion. See Amboy Bancorporation v. Bank Advisory Group, Inc., No. 10-1638, 2011 U.S. App. LEXIS 8494, at *22 (3d Cir. Apr. 25, 2011)("A plaintiff may not amend his complaint through arguments in his brief . . ." (citations and quotations omitted)).

Indeed, the Amended Complaint alleges that Mr. Bunting was prescribed aspirin and Plavix ("dual therapy") after he developed a stroke in order to prevent further strokes. Am. Compl., ¶ 31. Mr. Bunting continued on dual therapy until May 2004 when he suffered an alleged severe internal hemorrhage. Id. As alleged, while Mr. Bunting' doctors did not make the connection that Mr. Bunting's bleeding was caused by his ingestion of Plavix when he was in the hospital, the Buntings nevertheless did not plead any other date indicating when they became aware of the alleged side effects of Plavix. Without such allegations, on a motion to dismiss, the Court has no basis to find that the Buntings were on notice in April 2005. See Beckerman v. Weber, 317 Fed. Appx 15, 127-78 (3d Cir. 2008)("Beckerman argues that he has set forth facts that, if true, would trigger Pennsylvania's 'discovery rule' and excuse this four-year lapse. Beckerman's complaint, however, does not provide a factual basis that could support a conclusion that he did not discover his purported injuries until a time that would excuse his late filing of this action."). Indeed, arguments made in Plaintiff's opposition brief cannot be used to amend her complaint. See Id. at 128. Moreover, to the extent Plaintiff seeks to amend the complaint again to include the date of discovery, the Court denies that request because despite the fact that having at least two occasions to do so, Plaintiff did not include allegations to substantiate her date of discovery. More importantly, on this motion, Plaintiff fails to include a proposed amended complaint. See Wilkins v. United Health Group, Inc., -- F.3d --, No.10-2747,

2011 U.S. App. LEXIS 13322, at *53 (3d Cir. Jun. 30, 2011)("a failure to submit a draft amended complaint is fatal to a request for leave to amend." (citations and quotations omitted)).

Accordingly, the Court resorts to using May 2004 as the discovery date – the latest date pled in the Amended Complaint which the Court can reasonable construe as the date when the Buntings became aware of the effects of Plavix – and finds that dismissal of Plaintiff's Survival Action is appropriate because the original Complaint was untimely filed in December 2006, months after the two-year statute of limitations had expired.[2]

DATED:   July 12, 2011                                   /s/    Freda L. Wolfson
                                                        Freda L. Wolfson, U.S.D.J.

---

[2] Plaintiff further argues that because the Court dismissed the Amended Complaint without prejudice with conditions for reinstatement, the Court should apply the rule enunciated in Brennan v. Kulick, 407 F.3d 603, 607 (3d Cir. 2005), to toll the statute of limitations. However, because the Court finds that Mr. Buntings' original causes of action are time barred, at the outset, Plaintiff's Survival Action is necessarily barred by the statute of limitations.